FILED
United States Court of Appeals
Tenth Circuit

April 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FELIPE J. PERALES,

Defendant–Appellant.

No. 09-3151

(D.C. No.5:08-CR-40055-JAR-1)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In June of 2008, highway patrol officers pulled over the Appellant, Felipe Perales, for violation of Kan. Stat. Ann. § 8-1522(a)[1] after his Toyota Echo

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Section 8-1522(a) states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane

(continued...)

momentarily crossed the fog line and then weaved within its lane of travel. Mr. Perales was subsequently arrested and charged with one count of possession of methamphetamine with intent to distribute, pursuant to 21 U.S.C. § 841, after police discovered methamphetamine in his vehicle. Prior to the trial, Mr. Perales filed a motion to suppress the evidence obtained as a result of this search. Mr. Perales argued that briefly drifting over the fog line once, which Mr. Perales maintains was caused by wind, did not give police reasonable suspicion he had committed a traffic infraction as required by the Fourth Amendment.

In considering the motion, the district court found there was "no credible evidence that it was windy," but, if there was wind, the size of the vehicle, the straightness of the road, and the fact that Mr. Perales was driving under the speed limit would make it easier to control the vehicle. (Doc. 28 at 7.) Additionally, the court found "half the width of the vehicle" crossed the fog line and "the vehicle continued to weave within the traffic lane after drifting across the fog line." (*Id.*) Based on these facts, the district court determined that the stop did not violate Mr. Perales's Fourth Amendment rights, concluding that the troopers "had at least reasonable suspicion that defendant was impaired, if not probable cause that he had violated Kan. Stat. Ann. § 8-1522." (*Id.*) Mr. Perales now appeals the district

---

[1](...continued)
until the driver has first ascertained that such movement can be made with safety."

court's ruling.  In reviewing a district court's denial of a motion to suppress, we "consider the evidence in the light most favorable to the district court's ruling" and accept the district court's factual findings and "its determination of witness credibility, unless they are clearly erroneous." *United States v. Alvarado*, 430 F.3d 1305, 1308 (10th Cir. 2005) (internal quotation marks omitted).  We review the district court's legal conclusions de novo.  *See id.*

After a careful review of the briefs and the record on appeal, we conclude the district court did not err in denying Mr. Perales's motion.  It does appear the district court may have erred in finding the videotape of the traffic stop contained no evidence of wind; however, we believe the court's other factual findings, including the degree of the vehicle's drift, its continued weaving, and the condition of the road, provide ample support for the court's ultimate legal conclusion that the troopers had "at least reasonable suspicion that [Mr. Perales] was impaired."  (Doc. 28 at 7.)  *See Alvarado*, 430 F.3d at 1308 (stating "a court must analyze objectively all the surrounding facts and circumstances to determine whether the officer had reasonable suspicion that a violation of the statute had occurred") (internal quotation marks omitted).  Accordingly, and for substantially the same reasons set forth in the district court's order, we **AFFIRM**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-